SOPHIE CONRAD, etc., and Others, Plaintiffs, *v.* CLEMENT M. BIDDLE and Others, Defendants.

Supreme Court, Special Term, Westchester County, August 8, 1936.

*Posner & Posner* [*Sidney H. Posner* and *Max Rosner* of counsel], for the plaintiffs.

*Strang & Taylor* [*Clinton T. Taylor* of counsel], for the Mount Vernon Trust Company, a third party sought to be examined pursuant to order of Appellate Division, First Department.

PATTERSON, J. The Mount Vernon Trust Company moves for an order vacating and setting aside a certain subpœna commanding it to testify and give evidence in an examination before trial. The trust company, which is not a party to this action, intervenes solely for the purpose of making this motion.

The plaintiffs appear upon the motion specially for the purpose of raising the question as to the jurisdiction of the Supreme Court for Westchester county to hear the motion.

The action is brought in Bronx county and the plaintiffs' contention is that the motion should be referred to the Special Term of Bronx county for disposition.

The subpœna in question properly provides that the examination be held in Westchester county, as that is the place of business of the trust company.

The trust company contends that the motion addressed to the subpœna, which was issued out of the Supreme Court of Westchester county, must be heard in that county.

Subdivisions 1, 2 and 3 of rule 63 of the Rules of Civil Practice appear to govern. They are as follows:

" 1. A motion on notice in an action in the Supreme Court must be made within the judicial district in which the action is triable or in a county adjoining the county in which it is triable. 2. Where the action is triable in the First or Eighth Judicial Districts, the motion must be made in the district where the action is triable; and a motion on notice cannot be made in the First District in an action triable elsewhere. 3. The last two subdivisions do not apply to a case where it is specially prescribed by law that a motion may be made in the county where the applicant or other person to be affected thereby or the attorney resides."

The motion is in an action brought in Bronx county, which is in the First Judicial District.

The clear wording of the rule would seem to provide that any motion in such an action must be made in the district where the action is triable, unless it is specially prescribed by law that it may be made elsewhere.

The attorney for the moving party does not point out any provision specially providing that the motion may be heard in a county other than one in the First Judicial District, nor can I find any.

Sections 288 *et seq.* of the Civil Practice Act, having to do with examinations before trial, apparently do not provide for any exception to the general rule.

While section 300 of the Civil Practice Act prohibits the examination of any person in any county other than that in which he resides, that does not seem to defeat the requirement of rule 63 that motions with respect to such examination must be made in the district in which the action is triable.

I can see no distinction between a witness and a party so far as a motion in the action is concerned.

It is my opinion that the motion can only be heard in Bronx county, and hence it is referred to the Special Term of Bronx county for determination.